IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANGIE RODRIGUEZ,

      Plaintiff,

v.                                                                                      11-CV-238 JEC/LFG

PRESBYTERIAN HEALTHCARE SERVICES,
and JOSEPH McSWEENEY,

      Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION FOR LEAVE**

THIS MATTER comes before the Court on Plaintiff's Motion for Leave to Allow the Filing of a Response Brief to Defendants' Motion for Summary Judgment Out of Time, filed February 3, 2012 (Doc. 48)("Motion"). Having considered the Motion, the parties' submissions, and the governing authority, the Court finds the Motion well taken and it will be granted.

**I.     Background**

On January 6, 2012, Defendants filed two motions: (1) Defendants' Motion and Memorandum for Partial Summary Judgment Based Upon After-Acquired Evidence (Doc. 33)("Motion for Partial Summary Judgment"), and (2) Defendant's Motion for Summary Judgment (Doc. 34). Evidently, the two documents appeared in Plaintiff's attorney's electronic mailbox as a single document. *See* Motion ¶ 1 at 3-5 (referencing and attaching excerpts from counsel's related electronic mail history). Counsel's staff received the electronic notice and perceived only the Motion for Partial Summary Judgment, to which Plaintiff timely responded

on January 27, 2012 (Doc. 43).[1]  Plaintiff's counsel became aware of the Motion for Summary Judgment for the first time when Defendants filed their Reply brief (Doc. 55) and Notice of Completion of Briefing (Doc. 56) related thereto.  Mot. ¶ 5 at 1-2.

## II.     Legal Standard

The federal rules provide that a request for an extension of time for filing generally must be made prior to the expiration of the original deadline within which to act.  Fed. R. Civ. P. 6(b)(1)(B).  That said, a party may ask the Court "upon motion made *after* the expiration of the specified period [to] permit the act to be done where the failure to act was the result of excusable neglect...." Fed. R. Civ. P. 6 (b)(2) (emphasis added). "Excusable neglect," as used in Rule 6(b)(2) and other federal rules, is determined on an equitable basis, taking into account all relevant surrounding circumstances.  *United States v. Torres*, 372 F.3d 1159, 1161-62 (10th Cir. 2004)(addressing "excusable neglect" in Fed. R. App. P. 4(b)(1)(A))(quoting *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993)(addressing "excusable neglect" in Bankruptcy Rule 9006(b)).  *See also Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995), *cert. denied*, 516 U.S. 1160 (1996)(applying analysis of *Pioneer Investment Services* to Rule 6(b)(2)).  Relevant circumstances for consideration of permitting the pleading to be filed include "'[1] the danger of prejudice to the [nonmoving party], [2] the length of delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'"  *Torres*, 372 F.3d at 1162 (quoting *Pioneer Investment Services*, 507 U.S. at 395).  Of these circumstances, the reason for the delay is the weightiest.  *Id.*

---

[1]The Response was timely pursuant to a seven-day extension.  *See* Doc. 40.

at 1163 (citations omitted).

### III. Discussion

Plaintiff requests three days to file a responsive pleading to the Motion for Summary Judgment that her attorney's office staff overlooked. After expressing doubt as to how Plaintiff's attorney could have missed the filing, Defendants urge that "[b]y failing to file a response within the time specified, [plaintiff] waived the right to file a response to controvert the facts asserted in the summary judgment motion." Response at 1-2 (quoting *Reed v. Nellcor Puritan Bennet*, 312 F.3d 1190 (10th Cir. 1988))(emphasis in original). Defendants ask that the Court grant their motion either as a sanction for failure to respond, or on its merits, without permitting a response. Resp. at 2.

The Court first finds that the oversight here represents a single, unintentional incident (not part of a pattern of deliberate dilatoriness and delay), and the attorney attempted to correct the inaction promptly after discovering the mistake. *See Hancock v. City of Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1988). "[A] mistake . . . could occur in any [attorney's] office, no matter how well run." *Id.* Further, Defendants have not even argued potential for prejudice to them should the response be permitted. Given that the Plaintiff will be required to submit the pleading within five (3) calendar days, the delay will not negatively impact the judicial proceedings. Finally, thought the reason for the delay was indeed in the control of Plaintiff's attorney, the Court finds the Plaintiff acted in good faith to remedy the oversight as soon as she became aware that it existed.

### IV. Conclusion

Having considered the Motion, the pleadings, and the governing authority, the Court finds that Plaintiff has provided excusable neglect for not requesting an extension within the

time allotted for response, and sufficient justification under Rule 6(b) of the Federal Rules of Civil Procedure to permit her to file a response out of time. Accordingly, the Court will grant Plaintiff leave to file a responsive pleading to Defendants' Motion for Summary Judgment.

WHEREFORE,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Allow the Filing of a Response Brief to Defendants' Motion for Summary Judgment Out of Time, filed February 3, 2012 (Doc. 48) is **GRANTED;**

**IT IS FURTHER ORDERED** that Plaintiff may file a response to Defendants' Motion for Summary Judgment within 3 days of the entry of this order; and

**IT IS FINALLY ORDERED** that Defendants will have 14 days to reply to Plaintiff's response.

Dated March 8, 2012.

_____
SENIOR UNITED STATES DISTRICT JUDGE