IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANGIE RODRIGUEZ,

      Plaintiff,

v.                                                  11-CV-238 JEC/LFG

PRESBYTERIAN HEALTHCARE SERVICES,
and JOSEPH McSWEENEY,

      Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING CASE WITH PREJUDICE

THIS MATTER comes before the Court on United States Magistrate Judge Lorenzo F. Garcia's Report and Recommendation, filed April 3, 2012 (Doc. 65); *Defendants' Motion to Dismiss and Request for Attorneys' Fees and Costs and Costs as Sanctions for Plaintiff's Abuse of the Discovery Process* ("Motion to Dismiss"), filed December 28, 2011 (Doc. 30); Defendants' *Motion and Memorandum for Partial Summary Judgment Based Upon After-Acquired Evidence* ("Motion for Partial Summary Judgment")*,* filed January 6, 2012 (Doc. 33); and Defendants' Motion for Summary Judgment*,* filed January 6, 2012 (Doc. 34).  Having conducted a *de novo* review, considered the Report and Recommendation ("Report"), the record, the governing authority, and being otherwise fully informed, the Court adopts Magistrate Judge Garcia's Report.  Accordingly, the Court will grant Defendants' Motion to Dismiss and deny Defendants' request for attorneys' fees or monetary sanctions.  The Court will further deny both Defendants' Motion for Partial Summary Judgment and Motion for Summary Judgment as moot.

**I.      Background**

On March 16, 2011, Plaintiff filed suit against Presbyterian Healthcare Services and Joseph McSweeney (together, "Defendants"), alleging interference with her entitlement to medical leave and retaliation in violation of the Family Medical Leave Act ("FMLA"); constructive discharge; and breach of the implied contract of employment and the implied covenant of good faith and fair dealing. *See* generally Complaint (Doc. 1). On December 28, 2011, Defendants filed their Joint Motion to Dismiss based on Plaintiff's alleged discovery abuse. On March 22, 2012, the Court referred the Motion to Dismiss to Magistrate Judge Garcia, in accordance with 28 U.S.C. 28 U.S.C. § 636(b), to submit proposed findings and a recommended disposition. *See* Doc. 62. On April 3, 2012, Magistrate Judge Garcia issued his proposed findings and recommended that the Court dismiss Plaintiff's complaint and action and deny Defendants' request for attorneys' fees or monetary actions. *See* Report at 27. On April 20, 2012, Plaintiff filed her Objections to the Report. *See* Doc. 69.

**II.     Legal Standards**

When a magistrate judge issues a recommendation on a dispositive matter, Rule 72(b)(3) of the Federal Rules of Civil Procedure requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper if filed within fourteen days of the magistrate judge's recommendation and "specific enough to enable the district court to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 106 S.Ct. 466, 471 (1985)).

"A district court has inherent equitable powers to impose the sanction of dismissal with

prejudice because of abusive litigation practices during discovery." *Garcia v. Berkshire Life Ins. Co.*, 569 F.3d 1174, 1179 (10th Cir. 2009) (citations omitted).  "'Because of the harshness of dismissal, however, due process requires that the violation be predicated upon willfulness, bad faith, or [some] fault of petitioner rather than inability to comply.'" *Id*. (quoting *Archibeque v. Atchinson, Topeka & Santa Fe Ry. Co.* 70 F.3d 1172, 1174 (10th Cir. 1995).  "The determination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).  The Court in *Ehrenhaus* recognized that there is no rigid test for determining when such a sanction is appropriate, but suggested that:

> [A] district court ought to evaluate five factors before imposing a dismissal sanction: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions.

*Id*.  Dismissal is warranted when "the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Id*. (citing *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1998)).

### III.   Analysis

In his Report, Magistrate Judge Garcia determined that Plaintiff's request for damages related to her FMLA claims was directly contradicted by evidence that Plaintiff was working at the Hard Rock Casino while accepting FMLA and Short-Term Disability ("STD") benefits from her employer, Presbyterian Health Services ("PHS"), and that Plaintiff's false and misleading answers about this employment constituted a willful fraud on both her employer and the Court. Report at 24.  Magistrate Judge Garcia recommended dismissal with prejudice as an appropriate sanction. *Id*. at 27.  Plaintiff objects to the Report, contending that Magistrate Judge Garcia

made erroneous factual findings and misapplied the *Ehrenhaus* factors. Objections at 3. Plaintiff specifically objects to the finding that she "provided false information concerning her start date at the casino, her working hours there, and when she informed PHS of her employment at the casino." Objections at 3. Plaintiff also challenges the finding that she abused the discovery process when testifying at her deposition that she could not recall receiving a pay raise, despite having produced documentation of the pay raise with her handwritten notes calculating her alleged damages and stating that the raise "should be disregarded if [she were] classified appropriately in 8/07." Objections at 8, Report at 11 (quoting Ex. 12, Plaintiff's Pay Rate History with handwritten notes). The Court has reviewed the record *de novo* and finds that Plaintiff did, indeed, provided false and misleading information about her employment with the casino and her pay raise. The Court, therefore, overrules Plaintiff's objections and adopts the factual findings in this regard.

Plaintiff further objects to Magistrate Judge Garcia's finding that her casino employment was inconsistent with the Certification of Healthcare provider form she submitted to PHS, stating that she was "unable to perform work of any kind." Objections at 9; Report at 16. Plaintiff asserts that whether her inability to "perform work of any kind" applied to all employment or was limited to her position or at PHS is an unresolved factual question. Objections at 10. Plaintiff also challenges the finding that repeatedly responding "I don't know" or "I don't remember" to deposition questions constitutes "willful misconduct."[1] Objections at

---

[1] In fact, Magistrate Judge Garcia determined that Plaintiff not only provided blatantly false answers, but engaged in the "wholesale obstruction of the discovery process" by providing 350 such responses. Rep. at 21. He added that "[w]hile its is perfectly understandable that a deponent may not know or may not remember the answers to some questions, it is simply inconceivable that Plaintiff could not recall very basic information about her employment history and earnings, the location of her business, her husband's occupation, her compensation and

11. Although Plaintiff characterizes these determinations as erroneous fact findings, she does not deny the language of the medical form or the fact that she repeatedly denied knowledge or recall in response to numerous deposition questions pertaining to basic information. Rather, she challenges Magistrate Judge Garcia's ability to make credibility determinations and disputes that her actions constituted willful misconduct. Objections at 4.

However, culpability of the litigant is one of the *Ehrenhaus* factors. *Ehrenhaus,* 956 F.2d at 920. In *Garcia v. Berkshire Life Ins. Co.*, the Tenth Circuit upheld a dismissal based, in part, on magistrate's finding that the plaintiff's testimony was "incredible," that he "refuse[d] to rely on any of it," and that she fabricated evidence. 569 F.3d at 1177. In *Reed v. Furr's Supermarkets, Inc.*, the New Mexico Court of Appeals rejected the appellant's assertion that the trial judge impermissibly made credibility determinations when dismissing her case.[2] 129 N.M. 639, 646, 11 P.3d 603, 610 (Ct. App. 2000). The Court in *Reed* held that the district court's assessment of credibility as it relates to abuse of the discovery process was appropriate when determining "whether the party was providing answers that obstructed the discovery process." *See also Archibeque*, 70 F.3d at 1174-1175 (when dismissing the case for discovery abuse, the district court rejected the plaintiff's statement that her failure to disclose information was an oversight as not credible). Accordingly, Magistrate Judge Garcia properly assessed Plaintiff's credibility when determining that she abused the discovery process.

Assuming, *arguendo*, that the issue of whether Plaintiff's Certification precluded her

---

benefits, her bankruptcy, or her husband's ex-marital affairs." *Id*.

[2] A New Mexico State case is not binding on a federal court. However, the Court finds the *Reed* court's analysis of credibility as it relates to discovery abuse persuasive.

from employment of any kind could, standing alone, be considered an unresolved fact question, the record nonetheless confirms that Plaintiff was working at the casino at the same time she represented to PHS that she was unable to perform any work and was collecting benefits. The record also confirms that Plaintiff repeatedly obstructed the discovery process by failing to provide basic information about her employment history and earnings, among the other topics previously identified on p. 4, n.1.[3] Because of this obstruction, and because Plaintiff provided misleading and false answers about her pay raise and her employment with the casino, the Court finds that Plaintiff abused the discovery process.

    **A.**    **The *Ehrenhaus* Factors**

        1.    <u>Actual Prejudice</u>

Plaintiff further contends that Magistrate Judge Garcia misapplied each of the *Ehrenhaus* factors. She asserts that Defendants did not suffer actual prejudice and that the decision to depose custodians at Hard Rock Casino about her work hours and start date was not "forced" upon them. *Id*. Defendants respond that "had Plaintiff been truthful in her deposition about when she started working at the casino and what her work hours were, [they] would have had no reason to take the casino's record custodians' depositions, because Plaintiff's testimony would have established that she fraudulently obtained FMLA and STD benefits from PHS." Resp. at 7.

---

[3] Plaintiff asserts that both the Defendants and Magistrate Judge Garcia "engage in gross speculation when concluding that [her] failures to remember were 'deliberate' and 'improper,'" stating that if the "Defendants and the Court had some evidence that [she] provided others a narration that contradicted her lack of memory," then perhaps the conclusion that she did not have a genuine lack of memory might have some merit. Objections. at 12. Indeed, Plaintiff did provide testimony that contradicted her lack of memory. Plaintiff produced handwritten notes referencing her pay raise and damages, contradicting her testimony that she did not recall receiving such a pay raise. Plaintiff also initially testified that she did not recall when she informed PHS of her casino employment, then subsequently produced an affidavit identifying a time, favorable to her position, when she provided such notice.

False and misleading evidence "substantially prejudices an opposing party by casting doubt on the veracity of all the culpable party's submissions throughout litigation." *Freddie v. Martin Transport Ltd.*, 428 Fed. Appx. 801, 804 (10th Cir. 2011) (not selected for publication) (citing *Garcia,* 569 F.3d at 1180). Where, as here, Defendants faced with false testimony are "'forced to either attempt independent corroboration of each submission, at substantial expense of time or money' or accept the possibility that every document or statement submitted [by Plaintiff] is incomplete or inaccurate." *Id*. In particular, these Defendants were forced to expend time and money to determine Plaintiff's start date and working hours at the casino or accept the possibility that every document or statement submitted by her is incomplete or inaccurate. As Defendants point out, they were also deprived of the "opportunity to uncover evidence that [Plaintiff's] financial status or other personal issues caused her alleged anxiety and headaches, and her ultimate resignation," because of Plaintiff's purported inability to remember basic information. Resp. at 8. Accordingly, Magistrate Judge Garcia correctly concluded that Plaintiff's false testimony and wholesale obstruction of the discovery process prejudiced Defendants.

        2.       Interference with the Judicial Process

Plaintiff also disputes that she interfered with the judicial process, stating that she caused no delay to the discovery process. Objects. at 16. As Defendants point out, there is no greater interference with the judicial process than false testimony and the willful failure to disclose information. *See* Defendants' Response to Plaintiff's Objections at 9 (citing *ABF Freight Sys., Inc. v. Nat. Labor Relat. Bd.*, 114 S.Ct. 835, 839 (1994) (false testimony is intolerable because it is a "flagrant offense" to the truth seeking function of the lawsuit proceedings). The record clearly demonstrates that Plaintiff was intentionally deceptive during her deposition about her

employment with the casino and when she informed PHS of that employment. As Magistrate Judge Garcia notes, and this Court affirms, "Plaintiff acted with intent when she decided to answer or not answer the questions that she did." Rep. at 24. Indeed, Plaintiff's false and misleading testimony thwarted the truth-seeking function of litigation and interfered with the judicial process, satisfying the second *Ehrenhaus* factor.

### 3. Culpability of Litigant

Plaintiff challenges Magistrate Judge Garcia's determination of her culpability, asserting that it is for a trier of fact to determine whether her version of events related to her casino employment was inaccurate, whether her FMLA Certification complied with law and whether her lack of memory is genuine. For the reasons previously stated, Magistrate Judge Garcia's assessment of Plaintiff's credibility as it relates to her discovery abuse was proper. The record establishes that Plaintiff willfully engaged in deceptive conduct, and Magistrate Judge Garcia correctly concluded that she intentionally interfered with the judicial process.

### 4. Advance Warning of Possible Dismissal

Plaintiff further asserts that neither the Court nor the Defendants warned her of the possibility of dismissal, and that Defendants failed to certify, pursuant to Fed. R. Civ. P. 37(a)(1), that they had conferred or attempted to confer in good faith with Plaintiff in order to obtain discovery. Objections at 2. However, Defendants did not move to compel discovery or disclosure. Rather, Defendants requested that the Court utilize its inherent power to dismiss Plaintiff's case as a sanction for her false and misleading testimony.

District courts have the inherent power to regulate litigation and impose appropriate sanctions for conduct which abuses the judicial process. *Chambers v. NASCO, Inc.*, 111 S.Ct. 2123, 2132-2133 (1991); *Garcia*, 569 F.3d at 1179 (district court has inherent equitable powers

to impose the sanction of dismissal with prejudice because of abusive litigation practices during discovery."). These powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers* at 2140 (internal citations and quotations omitted.). Notice that sanctions may result from false and misleading testimony is not a "prerequisite to dismissal sanctions." *Garcia*, 569 F.3d at 1180 (10th Cir. 2009)(where false answers are given under oath, additional warnings are superfluous at best) (internal quotation and citation omitted); *see also Archibeque*, 70 F.3d at 1175 (fact that plaintiff was not warned that her case may be dismissed for providing false and misleading testimony regarding her history of lower back pain, or that court did not evaluate that factor, did not undermine its dismissal). The court in *Archibeque* noted that the "egregious nature of the [plaintiff's] conduct, the effect on [the defendants] and the interference with judicial process properly led to the dismissal." *Id.* Because of the egregious nature of Plaintiff's conduct, the prejudicial effect on Defendants, and the fact that warnings to testify truthfully under oath are superfluous, additional warning was unnecessary. *Id.*; *Garcia, supra*, at 1180.

     5.    <u>Efficacy of Lesser Sanction</u>

Plaintiff states that Magistrate Judge Garcia gave "amorphous justifications when recommending the most severe sanction for discovery abuse," that case law does not authorize utilization of the *Ehrenhaus* factors to "punish" a litigant or deter speculative future discovery abuse, and that "the Court has overreached and delivered a harsh sentence unjustified on the facts of this case and the law applicable to the facts." Objections at 20-21. The Court disagrees. The Court recognizes that dismissal is usually appropriate only where lesser sanctions would not serve the interests of justice. *Meade v. Grubbs*, 841 F.2d at 1520. "Thus, in cases where a

plaintiff fails to obey a court order, through inadvertence or simple neglect, the deterrent effect can usually be achieved through lesser sanctions." *Witt v. Perdue and Young*, 04-207, * 5-6 (D.N.M. 2006) (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1465 (10th Cir. 1988)). "However, it is not an abuse of discretion for the district court to impose dismissal as a sanction where there has been egregious conduct by a party in the discovery process that interferes with the judicial process." *Id.* (citing *Archibeque*, 70 F.3d at 1173); *see also National Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976) (sanctions must be "available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to conduct such conduct in the absence of such deterrent."). The nature of Plaintiff's "deceptive behavior demonstrates that a lesser sanction than dismissal would not be proper or effective in this case." *Id.* Upon careful review of the record, the Court finds that the "aggravating factors outweigh the judicial system's strong predisposition to resolve cases in their merits" and dismissal is an appropriate action. *Meade v. Grubbs*, 841 F.2d at 1521 n.7.

**IV.    Conclusion**

Magistrate Judge Garcia's factual findings are not erroneous, and he correctly applied the *Ehrenhaus* factors in determining that the extreme sanction of dismissal with prejudice is warranted in this case. Accordingly, Plaintiff's Complaint will be dismissed in its entirety with prejudice.

WHEREFORE,

**IT IS ORDERED THAT:**

**I.**    U.S. Magistrate Lorenzo F. Garcia's Report and Recommendation, filed April 3, 2012 (Doc. 65) is **ADOPTED**;

**II.** Defendants' *Motion to Dismiss and Request for Attorney's Fees and Costs as Sanctions for Plaintiff's Abuse of the Discovery Process*, filed December 28, 2011 (Doc. 30) is **GRANTED** as to dismissal, with prejudice, of Plaintiff's Complaint and **DENIED** as to Defendants' request for attorneys' fees or monetary sanctions; and

**III.** Defendants' *Motion and Memorandum for Partial Summary Judgment Based Upon After-Acquired Evidence,* filed January 6, 2012 (Doc. 33), and Defendants' Motion for Summary Judgment, filed January 6, 2012 (Doc. 34) are **DENIED** as moot;

Dated August 22, 2012.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
    Michael E. Mozes
    Law Offices of Michael E. Mozes, P.C.
    Albuquerque, NM

Attorneys for Defendants:
    Robert C. Conklin
    Christa M. Hazlett
    Conklin, Woodcock & Ziegler, P.C.
    Albuquerque, NM